## NATIONAL FIDELITY LIFE INS. CO. v. HENRY.

No. 23855.   May 21, 1935.

Rehearing Denied Sept. 10, 1935.

Bond, Hatcher & Bond, for plaintiff in error.

Melton & Melton, for defendant in error.

PER CURIAM. This appeal is taken from the judgment rendered by the district court of Grady county, Okla., on the 28th day of March, 1932, before Judge Linn. Annie Henry, plaintiff below, sued the National Fidelity Life Insurance Company for recovery on a life insurance policy issued in the name of Walter H. Henry, her husband. For convenience, we shall refer to the parties as they stood in the court below.

The material allegations of the petition are, in substance: On the 3rd day of October, 1927, the Eureka Reserve Life Insurance Company, of Muskogee, Okla., insured the life of Walter H. Henry for the considerations and in accordance with the provisions of a life insurance policy issued on said date, by said insurance company, and thereafter, and on the 29th day of October, 1928, the defendant, National Fidelity Life Insurance Company, in writing, assumed all of the obligations of said life insurance policy on the life of the said Walter H. Henry.

That the said Walter H. Henry died an accidental death in Oklahoma City, Okla., on the 12th day of May, 1930, and that said life insurance policy was in full force and effect at the time of his death; that the plaintiff, Annie Henry, is the surviving wife of the said Walter H. Henry, and the person named in said insurance policy as the beneficiary thereof.

That immediately after the death of the said Walter H. Henry, and in the month of May, 1930, plaintiff made due proof of death of the said insured, and submitted same to the defendant company, in accordance with the provisions of said policy; that same was received by said company, and no objections made thereto, but defendant denies liability under said policy, and refuses to pay plaintiff the amount thereof, on the ground that said policy was forfeited prior to the death of said Walter H. Henry.

That the premiums on said policy were payable monthly in the sum of $2.33, on or before the 3rd day of each month; that under the terms and provisions of the application for insurance and provisions of said policy, it was agreed that the insurance company would notify the insured of the premiums to become due under said policy, and in accordance therewith the said insurance company did give written notice of the dates when premiums would be due under said policy and sufficient time before the due date to enable the insured and beneficiary to make remittance and payment oᴌ all such premiums.

That the defendant company never at any time undertook to enforce the provisions of said policy with reference to premiums being paid upon the exact date the same were due, but in a great many instances monthly premiums under said policy were not paid until after the due date, and after the 30 days' grace, and said company would receive and accept such premiums and apply the same under said policy, and by reason of such custom and method of business, the said defendant company waived any right to forfeit said policy.

That said policy was reinstated two or more times by the defendant company under the provisions of said policy, by the payment of past due premiums and complying with the requirements of said defendant company, and upon application for reinstatement, the defendant company would insist upon payment of all premiums due to the date of such reinstatement, and would notify the insured and this beneficiary if any premiums were due at the time of the application for reinstatement, and would require that all premiums due up to the time of such application should be paid, all in accordance with the provisions of said policy, and as it was the duty of the defendant company so to do.

The defendant company answered plaintiff's petition by admitting that the said Walter H. Henry was insured by the Eureka Life Insurance Company; and that the defendant company assumed all liability and obligations of said life insurance policy, as alleged by plaintiff, but contend that said defendant company was not liable under said policy, for the reason that said policy was forfeited prior to the death of the insured.

The policy and the application therefor were introduced in evidence. The application for the policy provides that premium notice shall be given the insured, and the policy provides for the payment of the stipulated premium in advance on the first day of each anniversary from and after the date

thereof, without notice, during the continuance of said policy. The testimony offered at the trial of said cause shows that, on numerous occasions, the insured failed to pay his premiums when the same became due. That on three occasions he permitted the policy to lapse, and that on each occasion the defendant company reinstated said policy, upon the application of the insured and the payment of all premiums due. That it was the continuous custom of the defendant company to notify the insured of the date when each premium would fall due and the amount thereof. That the last reinstatement of said policy by the defendant company was on the 1st day of May, 1930, at which time the insured paid three monthly premiums, amounting to $6.99: the insured died on the 12th day of May, 1930, just eleven days after the reinstatement of said policy by said insurance company.

It was the contention of the defendant company that the three monthly premiums paid by the insured at the time of said last reinstatement were for the months of February, March, and April of said year. And that the last premium paid was the premium falling due on the 3rd day of April, 1930. And that said policy again was forfeited, without notice, on the 3rd day of May, 1930, that is, at the expiration of the 30 days' grace.

The plaintiff contends that the premiums were paid up for two months longer than is claimed by the defendant, and therefore that the month of May, 1930, premium was fully paid, and that there were no delinquent premiums on said policy at the time of the death of said Walter H. Henry. Plaintiff further contends that even though defendant were correct in its contention that the premium due on the 3rd day of April, 1930, was the last premium paid by the insured, the defendant company was without authority to forfeit said policy on the 3rd day of May, 1930, without notice to the insured, for the reason that the insurance company had adopted the custom of notifying the insured of premiums to become due and before forfeiture, and therefore had waived its right to forfeit said policy, without notice to the insured.

The question of whether the premiums on said policy were fully paid at the time of the death of the insured was a question of fact for the jury. We believe this question was properly submitted to the jury under the following instruction:

"The court instructs the jury that if you find and believe from the evidence that the life insurance policy herein sued upon was, on the 12th day of May, 1930, the date of the death of the said Walter H. Henry, in full force and effect _____ that is, that the said Walter H. Henry, or someone for him, had complied with all the terms and provisions of said policy, and made all monthly payments due under the terms of said policy, up to and including the 3rd day of April, 1930, then and in that event the law would be for the plaintiff, and you should so find, and should you find for the plaintiff, gentlemen, your verdict should be a verdict for the sum of $1,000, together with six per cent. thereon from the 5th day of September, 1930."

However, it is impossible for this court to know whether the jury found this issue in favor of the plaintiff, as the trial court also instructed the jury as follows:

"The court further instructs the jury that should you fail to find and believe from the evidence that all monthly payments of $2.33 per month, due under the terms and provisions of said policy, were paid up to and including April 3, 1930, still, if you further find and believe from the evidence that the defendant company failed to notify the insured of the premium due on said date, then the defendant waived its right to forfeit said policy by reason of said premium not being paid, and the law would be for the plaintiff and you should so find."

"You are further instructed, gentlemen, that should you find and believe from the evidence that neither the insured, or someone for him, paid the monthly premium of $2.33 due under the terms of said policy on or before the 3rd day of May, 1930, then, under the terms and provisions of said policy, the same lapsed and became of no force and effect, and the law would be for the defendant, and you should so find, provided the defendant notified the insured that the said premium was, or would be due on April 3, 1930."

The defendant saved its exceptions to each of the foregoing instructions. We have carefully examined each of the above instructions and all the evidence offered in this case; and we find no error in any of the instructions herein set forth. The court properly found that the custom practiced by the defendant company in its dealings with the said Walter H. Henry, the insured, was that the said company had adopted the custom of notifying said insured of the time when each premium would fall due, and the amount thereof, and of their intention to forfeit said policy before they had attempted to forfeit said policy. And, therefore, said defendant company thereby waived its right to forfeit said policy, without notice. And

that it was therefore necessary that said defendant company notify said insured before any forfeiture could be made on said policy. In Corpus Juris, vol. 17, p. 525, the following rule is laid down:

"The question of the validity and effect of a custom or usage is one of law for the determination of the court."

The customary course of business between the insurer, whose rights are in question, is subsequent to the written contract, and may properly be shown in evidence as tending to prove a subsequent agreement upon the part of the insurer to give notice, and such custom on the part of the insurer is alone sufficient to raise such an implied agreement, and to prevent a forfeiture without notice.

The general rule is well stated in Joyce on Insurance, vol. 3, p. 2482, as follows:

"If a life insurance company has been in the practice of notifying the insured of the time when the premium will fall due, and of the amount, and the custom has been so uniform and so reasonably long in continuance as to induce the insured to believe that the clause for forfeiture for nonpayment will not be insisted on, but that notice will precede the insistence upon the forfeiture, and the insured is in consequence put off his guard, such notice must be given, and if not given no advantage can be taken of any default in payment which it has thus encouraged."

In the instant case, the insured caused his policy to be reinstated on the 1st day of May, 1930, just eleven days prior to the date of his death. This reinstatement was made by the defendant company upon the payment to it by the insured of three monthly premiums. It seems to have been the policy and custom of the insurance company to require the payment of all premiums due at the time of the application for reinstatement. The defendant company contends that the policy involved in this case was forfeited by the failure of the insured to pay the premium which fell due on the 3rd day of April, 1930; that the 30 days' grace expired on the 3rd day of May, 1930; and that said policy was thereby forfeited on the expiration of the 30 days' grace. The defendant company contends that no notice of premiums or of forfeiture was required. With this contention, we do not agree, under the circumstances in this case. We believe that the reinstatement of said policy by said insurance company, on the 1st day of May, 1930, was an admission on the part of the insurance company that all premiums then due on said policy were paid.

Since holding that notice to the insured was necessary before there could be a forfeiture of the policy involved in the instant case, as we have, all other questions urged by the appellant are immaterial and could not change the result in this action. The motion for a new trial, on the ground of newly discovered evidence, is earnestly argued by the defendant company, and its counsel have presented this proposition in an able manner, as they have all other propositions, but nowhere in the motion for a new trial on the ground of newly discovered evidence, does the affiant show that any evidence of notice to the insured was ever given of the forfeiture of said policy for the nonpayment of the premium falling due on the 3rd day of April, 1930. Therefore, since we have held that this notice was necessary, such newly discovered evidence could not possibly change the result of this action. And said motion was properly overruled by the trial court.

We do not say that the giving of notice of premiums to become due and the amount thereof is necessary in all instances, but that in the instant case the insurance company waived the right to forfeit said policy, without notice, and therefore was required to give such notice. We will not undertake to prescribe all of the acts required on the part of the insurer to effect a forfeiture. It is sufficient to say that the defendant failed to exercise its right of forfeiture, if the premium due April 3, 1930, was in fact not paid. And if said premium had in fact been paid, it then had no right of forfeiture. The question of forfeiture is mainly determined from the conduct of the parties in the particular case, rather than by the application of any general rule of law.

The judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys O. S. Shaw, Hiram Butler, and I. E. Hill in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Shaw and approved by Mr. Butler and Mr. Hill, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.